IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00704–CMA–KMT

LAUREN P. ANDERSON, and
WILLIAM W. ANDERSON, III,

  Plaintiffs,

v.

HCA-HEALTHONE, LLC, a Colorado limited liability company, d/b/a The Medical Center of Aurora,
ALEKSANDRA M. KAMINSKA, M.D.,
DAVID C. VAN PELT, M.D.,
BROOKS W. LONG, M.D.,
CRITICAL CARE & PULMONARY CONSULTANTS, P.C., a Colorado professional corporation,
JEFFREY A. FRIEDLAND, M.D.,
CHRISTOPHER G. McLAUGHLIN, M.D.,
RADIOLOGY IMAGING ASSOCIATES, P.C., a Colorado professional corporation, and
SALLIE B. CLARK, M.D.,

  Defendants.

**ORDER**

This matter is before the court on Plaintiffs' "Motion for Leave to Join Additional Party Defendant and to Amend Complaint" (#67, filed August 10, 2009). The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment. A motion to amend may be denied on the grounds of undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary. In addition, the plaintiff must attach the proposed amended complaint to the motion. The proposed amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims.

Here, Plaintiffs's have not discussed the proposed amendments and their necessity, nor attached a proposed amended complaint to the motion. As a result, it is impossible to determine if the proposed amendments are permissible.

Furthermore, Plaintiffs failed to confer with Defendants before filing the present motion. The Local Rules of Practice for the District of Colorado require all parties to confer on motions and other disputes before a motion is filed. D.C.Colo.LCivR 7.1A; *see also Visor v. Sprint*, 1997 WL 796989 (D. Colo. 1997). The court reminds Plaintiffs of the duty to confer and cautions that future motions filed without conferring may be stricken. Therefore, it is

ORDERED that Plaintiff's motion (#67) is DENIED.

Dated this 18th day of August, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge

2