IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–00704–CMA–KMT

LAUREN P. ANDERSON, and
WILLIAM W. ANDERSON, III,

      Plaintiffs,

v.

HCA-HEALTHONE, LLC, a Colorado limited liability company, d/b/a The Medical Center of Aurora,
ALEKSANDRA M. KAMINSKA, M.D.,
DAVID C. VAN PELT, M.D.,
BROOKS W. LONG, M.D.,
CRITICAL CARE & PULMONARY CONSULTANTS, P.C., a Colorado professional corporation,
JEFFREY A. FRIEDLAND, M.D.,
CHRISTOPHER G. McLAUGHLIN, M.D., and
SALLIE B. CLARK, M.D.,

      Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

      This matter is before the court on "Plaintiffs' Third Motion for Leave to Join Additional Party Defendant and to Amend Complaint" ([Doc. No. 80] [filed September 8, 2009] [hereinafter "Mot."]), and their brief in support thereof ([Doc. No. 81] [filed September 8, 2009] [hereinafter "Br."]).  Defendants Aleksandra Kaminska, M.D. (n/k/a Aleksandra Basheer), David Van Pelt, M.D., Brooks Long, M.D., and Critical Care & Pulmonary Consultants, P.C., (hereinafter

collectively "Critical Care Defendants") filed their Response on September 25, 2009. ([Doc. No. 85] [hereinafter CCD Resp.].) Defendants Christopher G. McLaughlin, M.D. and Jeffrey A. Friedland, M.D. filed their Response on September 28, 2009. ([Doc. No. 87] [hereinafter M & F Resp.].) Defendants HCA-HealthOne LLC, and Sallie B. Clark, M.D. did not respond to the Motion. Plaintiffs filed their Reply on October 9, 2009. ([Doc. No. 88] [hereinafter Reply.].)

## 1. *Factual Background*

On April 17, 2007, Plaintiff Lauren P. Anderson was admitted to The Medical Center of Aurora (hereinafter "MCA") with complaints of abdominal pain. (Compl. at 5.) Mrs. Anderson received medical attention at MCA from April 17 to April 21, 2007, when she checked herself out of MCA "against the advice of that hospital's staff and physicians." (*Id.* at 7.) On April 21, 2007, Mrs. Anderson flew to Louisiana where she sought immediate examination and treatment for her condition and was admitted to a hospital the next day. (*Id.*) Between April 23 and April 25, 2007, Mrs. Anderson underwent two laparotomy procedures of her abdomen, revealing "tissue death from lack of blood oxygen" that required surgical removal of 90 inches of her small intestine. (*Id.*) Plaintiff alleges throughout the time she was under Defendants' care she "had a superior mesenteric arterial occlusion" that Defendants negligently "failed to diagnose, test for, treat or remove." (*Id.* at 8.) Plaintiff filed the original Complaint in this case on March 30, 2009 (Doc. No. 1), naming, *inter alia*, several physicians who treated her during her stay at MCA between April 17 and April 21, 2007.

*2.*     *Rule 15*

Plaintiffs seek to amend the Complaint in order to add one defendant, Todd W. Clover, M.D. (hereinafter "Dr. Clover"), and make numerous "housekeeping amendments." (Br. at 4, 12.)  The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires.  Fed. R. Civ. P. 15(a).  Although the Federal Rules permit and require liberal construction and amendment of pleadings, the Rules do not grant the parties unlimited rights of amendment.  A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants McLaughlin and Friedland do not oppose the proposed "housekeeping amendments" (M & F Resp. at 2), and the Critical Care Defendants' Response is silent on this issue.  Both sets of defendants, however, oppose the addition of Dr. Clover as a defendant.  Defendants argue that any claims against Dr. Clover are barred by the applicable statute of limitations and, therefore, an amendment adding him as a defendant is futile.  (*See* CCD Resp. at 4; M & F Resp. at 2.)

An amendment to a complaint is futile only if the plaintiff can prove no set of facts in support of his amendment that would entitle him to relief.  *See, e.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003).  "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be

futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). To withstand a motion to dismiss, the complaint, when taken as true and in the light most favorable to the plaintiff, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Consequently, the issue in resolving a motion to amend, when futility of amendment is argued, is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (internal quotations omitted).

*3.      Statute of Limitations*

Plaintiffs do not dispute the Defendants' assertion that the applicable statute of limitations in this action is Colo. Rev. Stat. § 13-80-102.5(1). (CCD Resp. at 2; M & F Resp. at 3.) The statute of limitations provides in pertinent part:

> [N]o action alleging negligence . . . to recover damages from any health care institution . . . or any health care professional . . . shall be maintained unless such action is instituted within two years after the date that such action accrues pursuant to section 13-80-108(1)

Colo. Rev. Stat. § 13-80-102.5(1). Colorado courts have held, "[i]n determining when a claim accrues, for purposes of applying § 13-80-102.5, we look to § 13-80-108(1), Colo. Rev. Stat. 2002, which provides, in pertinent part, that 'a cause of action for injury to person . . . shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence.' " *Liscio v. Pinson*, 83 P.3d 1149, 1153 (Colo.

4

App. 2003); *see also Alvarez v. Gunter*, 25 F.3d 1055, *2 (10th Cir. 1994) ("Under Colorado law, the limitations period begins to run when the aggrieved party discovers, or should have discovered by the exercise of reasonable diligence, the facts which would constitute the basis for any entitlement to recovery.") "In a medical malpractice case, a claim accrues when a plaintiff has knowledge of facts which would put a reasonable person on notice of the nature and extent of an injury and that the injury was caused by the wrongful conduct of another." *Id.* However, "[a] plaintiff need not know the specific acts of negligence committed by the defendant or the details of the evidence necessary to prove the claim." *Id.*; *see also British Airways, PLC v. Aircraft Serv. Int'l, Inc.*, 2005 WL 2293657, at *5 (D. Colo. 2005).

The Critical Care Defendants contend that Plaintiffs' claim against Dr. Clover accrued on April 21, 2007 because "Plaintiffs . . . began questioning the appropriateness of [Mrs. Anderson's] medical care during her hospitalization at MCA between April 17 and April 21, 2007 . . . [and] were so convinced of the unreasonableness of the care that they left the hospital against medical advice on April 21, 2007." (CCD Resp. at 3–4; Compl. at 7.) Defendants McLaughlin and Friedland, on the other hand, claim that Plaintiffs' claim against Dr. Clover accrued on April 23, 2007, when "Mrs. Anderson underwent exploratory surgery that revealed that large portions of her intestines were gangrenous and had to be removed." (M & F Resp. at 2–3.) Plaintiffs dispute that their claim accrued on either date but fail to provide a specific alternative. (Reply at 7.) Rather, Plaintiffs appear to contend their claim accrued sometime between May 29, 2007—when they requested Mrs. Anderson's medical records—and June or

July 2007 when "[t]hose records would have reached Plaintiffs" and Plaintiffs would have had sufficient medical information and time to file suit. (*Id*. at 9.)

During her deposition, Mrs. Anderson was asked if she had signed out of the Medical Center of Aurora on April 21, 2007 against medical advice. Mrs. Anderson responded, "Yes. I did. To save my life." (M & F Resp., Ex. A at 2.) Regarding her state of mind when she left MCA on April 21, 2007, Mrs. Anderson, a "gastroenterology nurse" (CCD Resp., Ex. C at 3), stated, "I wanted to be taken somewhere where I could be cared for properly, in my opinion" (M & F Resp. at 2; Ex. A at 3). This testimony demonstrates that on April 21, 2007, Mrs. Anderson believed the defendants were not caring for her properly and that their actions threatened her life—the facts which constitute the basis of her present claims for relief. On the basis of this discovery, "Plaintiffs flew home to Louisiana where Plaintiff Lauren P. Anderson sought immediate examination and treatment from a gastroenterologist."[1] (Compl. at 7.)

Plaintiffs' position that their claim accrued when they received and/or reviewed Mrs. Anderson's medical records, whenever that may have been, is untenable for two reasons. First, Plaintiffs have failed to provide a specific date on which they may be deemed to have had knowledge of the nature and extent of Mrs. Anderson's injury and that it was caused by Defendants' conduct. *See Liscio*, 83 P.3d at 1153. Moreover, accrual does not require that "[a] plaintiff . . . know the specific acts of negligence committed by the defendant or the details of the

---

[1] Even if Mrs. Anderson did not know she had suffered an injury and its causes on April 21, 2007, she should have known by April 23, 2007 when exploratory surgery revealed that Mrs. Anderson required intestinal surgery. (M & F Resp. at 3.) In any event, whether Plaintiff's claim accrued on April 21 or April 23, 2007 is of no consequence to the court's ruling.

evidence necessary to prove the claim." *Id.*  Therefore, the date of Plaintiffs' possession and review of Mrs. Anderson's medical records cannot serve as the accrual date of their cause of action.

Since Plaintiffs' claim accrued on April 21, 2007, Plaintiff must have asserted her claim against Dr. Clover prior to April 21, 2009.  Plaintiff filed the Motion to Amend the Complaint seeking to add Dr. Clover as a defendant on September 8, 2009.  (Mot.)  Because the Motion to Amend the Complaint was filed well beyond two years after the cause of action accrued, the addition of Dr. Clover would be barred by the statute of limitations, unless, as Plaintiffs suggest, the amendment relates back to the date of the original Complaint pursuant to Fed. R. Civ. P. 15(c).  *See Liscio*, 83 P.3d at 1153–54.

*4.*     *Relation Back*

"[A]n amendment that adds a new party relates back to the complaint when the party to be brought in by amendment '[1] received such notice of the action such that it will not be prejudiced in defending on the merits; and [2] knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity' " within the 120-day period provided by Federal Rule of Civil Procedure 4(m).  *Bell v. Topeka, KS*, 279 F. App'x 689, 692 (10th Cir. 2008) (quoting Fed. R. Civ. P. 15(c)(1)(C)(i)–(ii)).  The requirements of Rule 15(c)(1)(B) must also be satisfied, i.e., the addition of the new party must arise "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(C).

It is beyond dispute that the addition of Dr. Clover as a defendant arises from the same set of facts upon which the original claim was based. It is unclear, however, whether Dr. Clover received notice of the action within 120 days of the filing of the Complaint. Regardless, even if Dr. Clover had received such notice, it cannot be said that he knew or should have known the action would have been brought against him but for a mistake concerning his identity.

Plaintiff's contend Dr. Clover was left out of the original complaint because Plaintiffs' did not know he was involved in Mrs. Anderson's care when they prepared and filed their original complaint.[2] (Br. at 11.) Plaintiffs claim they lacked knowledge of Dr. Clover's identity until August 6, 2009 when Defendant HCA-HealthOne produced its Second Amended Initial Disclosures which "[f]or the first time in legible form . . . identified a Dr. Clover being involved in Plaintiff Lauren P. Anderson's care." (*Id*. at 7.) However, in the Tenth Circuit, "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' " within the meaning of Rule 15(c)(1)(C)(ii). *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004).

The Advisory Committee Notes to Rule 15 indicate that "the mistake proviso [was included] . . . in order to resolve the problem of a misnamed defendant and allow a party to

---

[2] Plaintiffs also claim they omitted Dr. Clover from the original complaint because: his name did not appear at all in Mrs. Anderson's medical records (Br. at 5); his name did not appear legibly until the second round of initial disclosures on August 6, 2009 (*id*. at 7); the Critical Care Defendants "never disclosed Dr. Clover as a potential witness" (*id*. at 8); and Defendants' attorneys never provided "face photographs" of the other defendants (*id*. at 9). None of these reasons, however, constitutes a misnomer or misidentification as required by Fed. R. Civ. P. 15(c)(1)(C)(ii) for an amendment to relate back to the filing of the original pleading.

correct a formal defect such as a misnomer or misidentification." *Garrett*, 362 F.3d at 696–97 (quoting Fed. R. Civ. P. 15, Advisory Committee Notes to 1991 Amendment) (internal quotations omitted). "[T]he rule is meant to allow an amendment changing the name of a defendant to relate back to the original complaint only if the change is the result of such a formal defect." *Id.* (internal quotations omitted).

Plaintiffs' contend the Critical Care Defendants "knew from the outset of this case that Plaintiffs had named the wrong physician" (Br. at 11), and took the position "that Dr. Kaminska's name appeared in the medical chart by mistake and that she never was assigned to or had any contact with Plaintiff Lauren P. Anderson." (*Id*. at 5.) Plaintiffs argue that, despite this, the Critical Care Defendants never "mention[ed] Dr. Clover." (*Id*.) Thus, Plaintiffs appear to suggest that Dr. Kaminska was a misnamed defendant and that the action would have been brought against Dr. Clover but for a mistake concerning his identity. The proposed amendments, however, do not suggest such a mistake ever occurred. Comparing the original Complaint and the Proposed Amended Complaint, Dr. Clover's name does not replace that of Dr. Kaminska in any allegation. Rather, Dr. Clover's name was merely added everywhere Drs. Kaminska, Van Pelt, and Long's names appeared.

Furthermore, "several Colorado physicians who rendered treatment to Mrs. Anderson . . . were not sued," including "Dr. Moreland, an emergency room physician; Dr. Rein, a gastroenterologist; . . . Dr. Brooke, a pathologist" (Reply at 11), Dr. Kashikar, and Dr. Bodner (Br. at 9). In light of Plaintiffs' conscious decision not to sue five doctors who were involved in Mrs. Anderson's care, even if Dr. Clover had notice of the suit by virtue of his corporate

9

employer being sued, the court finds no reason Dr. Clover should have known that he was not sued *as the result of* a mistake concerning his identity.

As a matter of law, it cannot be said that Dr. Clover "knew or should have known that the action would have been brought against [him], but for a mistake concerning [his] identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Thus, under Fed. R. Civ. P. 15(c), Plaintiffs' proposed addition of Dr. Clover does not relate back to date of the original complaint. Since Plaintiffs filed the Motion to Amend the Complaint more than two years after their potential claim against Dr. Clover accrued, any claim against Dr. Clover would be barred by the two-year statute of limitations. *See* Colo. Rev. Stat. § 13-80-102.5(1). Since a time-barred claim would not survive a motion to dismiss, the proposed amendment is futile because the complaint, as amended, would be subject to dismissal. *See Jefferson County Sch. Dist.*, 175 F.3d at 859.

### 5. *"Housekeeping" Amendments*

Plaintiffs' proposed housekeeping amendments "designed to clean up the pleadings" (Br. at 12), include changing Dr. Kaminska's name to reflect her married name, removing dismissed defendants, and correcting factual misstatements and typographical errors (*id*. at 2–3). Plaintiff also seeks to expand Plaintiff William W. Anderson, III's request for economic damages to include his "past and future services . . . ." (*Id*. at 12.) Plaintiffs claim such amendment is necessary in light of "Mrs. Anderson's extensive physical impairment" and the consequent "need for Mr. Anderson to render household services that he had not previously rendered." (*Id*.)

Neither the Critical Care Defendants nor Defendants McLaughlin and Friedland oppose such amendments. Upon review of the Proposed Amended Complaint, the court finds no

indication of undue delay, bad faith, prejudice to the defendants or dilatory motive on the part of the plaintiffs with respect to the "housekeeping amendments." *See Foman*, 371 U.S. at 182. Moreover, the court finds the proposed "housekeeping amendments" are not futile. *See id.*

### 6.     *Equitable Tolling*

Nowhere in the Motion to Amend or the Brief in support thereof do Plaintiffs argue that the statute of limitations should be equitably tolled. The Critical Care Defendants only briefly address this issue (*see* CCD Resp. at 5), and Defendants McLaughlin and Friedland's Response does not at all. Plaintiffs' Reply, without citing any legal authority, argues they "have a chance of proving that the statute was tolled until at least June 2007." (Reply at 9.) In light of the parties' failure to pursue and adequately brief this issue, the court declines to address it.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Plaintiffs' Third Motion for Leave to Join Additional Party Defendant and to Amend Complaint" (Doc. No. 80) be **GRANTED IN PART**, and **DENIED IN PART** as follows:

1)     The Motion be DENIED insofar as it seeks to add Dr. Todd W. Clover, M.D. as a defendant;

2)     The Motion be GRANTED in all other respects;

3)     The Plaintiffs be required to file an Amended Complaint consistent with this Recommendation within ten (10) days of entry of the District Court's Order.

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with

the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *Int'l Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418

F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

    Dated this 3rd day of November, 2009.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge