**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-00704-CMA-KMT

LAUREN P. ANDERSON, and
WILLIAM W. ANDERSON, III,

    Plaintiffs,

v.

DAVID C. VAN PELT, M.D.,
BROOKS W. LONG, M.D.,
CHRISTOPHER G. McLAUGHLIN, M.D., and
SALLIE B. CLARK, M.D.,

    Defendants.

---

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (#148) AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE SELECTED AFFIRMATIVE DEFENSES (#150)**

---

    This case is a medical malpractice action brought by Plaintiffs Lauren P. Anderson and William W. Anderson's ("Plaintiffs") concerning the medical treatment Plaintiff Lauren Anderson received from the named defendants.  This matter is before the Court on Plaintiffs' Motion For Partial Summary Judgment on Selected Affirmative Defenses (Doc. # 148) and Plaintiffs' Motion to Strike Selected Affirmative Defenses (Doc. # 150).  For the following reasons, the Court denies Plaintiffs' motion for partial summary judgment and grants in part and denies in part Plaintiffs' motion to strike.

## I. BACKGROUND

On August 4, 2010, Plaintiffs moved for partial summary judgment on various affirmative defenses asserted by Defendants David C. Van Pelt, M.D.; Brooks W. Long, M.D.; Christopher G. McLaughlin, M.D.; and Sallie B. Clark, M.D. (collectively, "Defendants"). The only undisputed facts Plaintiffs put forth are:

1. Between April 17, 2007 and April 20, 2007, all Defendants provided medical services to Plaintiff Lauren Anderson at The Medical Center of Aurora.

2. Plaintiffs filed suit on March 30, 2007.

3. Discovery is now closed.

(Doc. # 148 at 1-2, ¶¶ 1-3.) That same day, Plaintiffs also brought a motion to strike the same affirmative defenses, explaining "Plaintiffs bring this Motion in an abundance of caution in the event that a motion to strike (and not a motion for summary judgment) is the only vehicle for testing affirmative defenses' legal insufficiency." (Doc. # 151 at 5.)

Defendants jointly responded to both motions in a single response. (Doc. # 171.) Plaintiffs filed two separate replies. (Doc. ## 172, 173.)

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56(c) when the movant shows "the materials in the record . . . do not establish . . . the presence of a genuine dispute" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (amendment effective December 1, 2010); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986). If the movant "does not bear the

ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claims." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (internal quotations omitted).  The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *see* Fed. R. Civ. P. 56(e).  When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant . . . matter." Fed. R. Civ. P. 12(f).  A defense is insufficient if it cannot succeed, as a matter of law, under any circumstances. *S.E.C. v. Nacchio*, 438 F.Supp.2d 1266, 1287 (D. Colo. 2006).  If the nonmovant has proffered evidence tending to establish its defense, it has shown that circumstances exist where the defense may possibly succeed.  A motion to strike under Rule 12(f) is a severe remedy and, thus, is generally disfavored  *Sender v. Mann*, 423 F.Supp.2d 1155, 1163 (D. Colo. 2006). The decision to strike an affirmative defense rests within the sound discretion of the district court.  *See Vanderhurst v. Colo. Mountain College Dist.*, 16 F.Supp.2d 1297, 1303 (D. Colo. 1998).

### III.  ANALYSIS

Plaintiffs challenge 11 affirmative defenses asserted by Defendants.  In their combined opposition to the motions, Defendants withdrew two of the defenses: (1) statute of limitations, and (2) cap on non-medical malpractice damages.  (Doc. # 171, Defs.' Resp. at 3, 18.)  The Court will address the remaining defenses in turn.  For the reasons discussed below, the Court strikes two of the affirmative defenses, those concerning (1) the real parties in interest and (2) the adoption by reference and preservation of right to include additional defenses.

### A.     FAILURE TO STATE A CLAIM

Defendants contend they "have raised this defense as a general denial of Plaintiffs' claims – essentially that Defendants were not negligent or a cause of Plaintiffs' claimed damages, even accepting Plaintiffs' factual allegations as true."  (Doc. # 171, Defs.' Resp. at 12.)   Plaintiffs have not established that this redundant pleading will cause any confusion, harm, or prejudice, and the federal rules permit the pleading of an affirmative defense that is also a denial.  See Sender, 423 F.Supp.2d at 1163-64.[1]  As such, the Court declines to strike this defense.

---

[1] Plaintiffs claim prejudice in the form of "nightmare" jury instructions.  (Doc. # 151 at 6.)  The Court rejects this argument.  As Sender recognized, any ambiguity surrounding redundant defenses can be addressed during the drafting of the jury instructions.  Id. at 1164.

### B.     REAL PARTIES IN INTEREST AND COLLATERAL SOURCE

Plaintiffs claim the collateral source defense fails as a matter of law because the case law makes clear that a damages award cannot be reduced by Plaintiffs' health insurance or Social Security Disability Insurance.  (Doc. # 149, Pls.' Mot. Summ. J. at 14.)  However, even assuming this is true, these sources are not the only collateral sources possible.  Additionally, Colo. Rev. Stat. § 13-21-111.6 states that, "the court, after the finder of fact has returned its verdict stating the amount of damages to be awarded, shall reduce the amount" as set forth.  It is, therefore, premature to determine the sufficiency of this defense prior to any such verdict, particularly when other collateral sources may need to be considered.  The Court will allow Defendants to present this defense.

On the other hand, while there may be additional real parties in interest in this case, Defendants have failed to describe or evidence any set of circumstances in which Plaintiffs are **not** real parties in interest.   Accordingly, the Court will strike this defense.

### C.     THIRD-PARTY CONDUCT

Plaintiffs characterize this defense as third party "negligence" while Defendants claim it is a defense directed to third party "conduct."  (*Compare* Doc. # 149, Pls.' Mot. Partial Summ. J. at 8 and # 151, Pls.' Mot Strike at 7 with Doc. # 171, Defs.' Resp. at 15.)  Defendants explain, "Plaintiffs' damages may have been caused by the conduct of third parties over whom Defendants have no control."  (Doc. # 171 at 15.)  As evidence supporting this, Defendants presented the expert report of Dr. Thomas

Crepps.  (Doc. # 171-3.)  This is sufficient to create a triable issue of fact and to demonstrate that the defense should not be stricken.

**D.     FAILURE TO MITIGATE DAMAGES AND INFORMED CONSENT**

Plaintiffs claim there is no such defense as "informed consent."  (Doc. # 151, Pls.' Mot. Strike at 8.)  Defendants claim the defense is proper and address it along with their defense of failure to mitigate damages.  (Doc. # 171, Defs.' Resp. at 16-17.) As discussed previously, redundancy is not a reason to strike a defense absent a showing of prejudice.  As also discussed previously, Plaintiffs have not shown such prejudice. To the extent the defenses are not redundant, Defendants explain they are still both directed to Plaintiff Lauren Anderson's discharging herself from the hospital against medical advice.  (Doc. # 171, Defs.' Resp. at 16.)   Defendants have submitted evidence in this regard.  (*See* Doc. ## 171-3 and -4, expert reports of Dr. Crepps and Dr. Moore.)

Lastly, Plaintiffs claim the defense of failure to mitigate damages is identical to or redundant of third party negligence or comparative negligence.  (Doc. # 172, Pls.' Reply Summ. J. at 7.)  The Court finds they are not redundant, negligence being an element of the latter two but not the former.

Given the different scope of the defenses, coupled with the evidence Defendants presented, the Court will allow Defendants to present both defenses.

**E. PRIOR EXISTING CONDITION AND INTERVENING OR SUPERCEDING CAUSE**

The parties treat these defenses together and, therefore, so will the Court. (Doc. # 149, Pls.' Mot. Partial Summ. J. at 11; Doc. # 171, Defs.' Resp. at 17.) Plaintiffs claim summary judgment is appropriate because Defendants do not identify a prior existing condition or an intervening or superceding cause. In response, Defendants identify multiple pieces of record evidence suggesting the "discontinuation of medical care and therapies for over 24 hours – which occurred when the Plaintiff left Colorado – [was] the true cause of the Plaintiffs' injuries and damages." (Doc. # 171, Defs.' Resp. at 17.) This is sufficient to create a triable issue of fact on both defenses and to demonstrate that the defenses should not be stricken.

**F. ADOPTION BY REFERENCE AND PRESERVATION OF RIGHT TO ADD DEFENSES**

Plaintiffs claim this statement of defenses is a legal nullity. (Doc. # 149, Pls.' Mot. Summ. J. at 17-18.) Defendants do not respond to Plaintiffs arguments.

The Court recognizes the deadline to amend the pleadings has passed. (Doc. # 59, Scheduling Order at 14.) The Court, therefore, strikes this defense.

### IV. CONCLUSION

Accordingly, for the foregoing reasons it is

ORDERED that Plaintiffs' Motion For Partial Summary Judgment on Selected Affirmative Defenses (Doc. ## 148-49) is DENIED. It is

FURTHER ORDERED that Plaintiffs' Motion to Strike Selected Affirmative Defenses (Doc. ## 150) is GRANTED IN PART and DENIED IN PART.

DATED:  December   07  , 2010

BY THE COURT:

_Christine M Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge