IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00704 CMA-KMT

Lauren P. Anderson, and
William W. Anderson, III,
        Plaintiffs,

v.

David C. Van Pelt, M.D.,
Brooks W. Long, M.D.,
Christopher G. McLaughlin, M.D., and
Sallie B. Clark, M.D.,
        Defendants.

_____

BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE
DEFENSES RAISED BY REFERENCE
_____

MAY IT PLEASE THE COURT:

### Standard of Consideration

Plaintiffs bring this Motion pursuant to Federal Rule of Civil Procedure 12(f), which permits a Court to "strike from a pleading an insufficient defense …." As stated in *S.E.C. v. Nacchio*, 438 F.Supp.2d 1266 (D. Colo. 2006)(Krieger, J.):

> A motion to strike an affirmative defense as insufficient is adjudicated under the same standard as a motion to dismiss: namely, the Court must strike the defense only if it cannot be maintained under any set of circumstances. 438 F.Supp.2d at 1287 (citations omitted).

"Motions to strike are generally disfavored and the decision to grant a motion to strike rests within the sound discretion of the district court." *Vanderhurst v. Colorado Mountain College District*, 16 F.Supp.2d 1297, 1303 (D. Colo. 1998)(Babcock, J.)(citation omitted). Here this Court has already exercised that discretion and ordered that all Affirmative Defenses raised by reference be stricken.

<u>Background Facts</u>

Magistrate Tafoya scheduled the Final Pretrial Conference in this matter for 9:00 a.m. on December 8, 2010. (Doc. #177.) Attorneys for all parties met in person and drafted a proposed Final Pretrial Order to present at that conference. Plaintiffs' attorney emailed that proposed Order to Magistrate Tafoya's Chambers on December 1, 2010.

On the eve of that conference at 3:39 p.m. on December 7, 2010, this Court entered an Order (Doc. # 186) that granted in part and denied in part Plaintiffs' Motion to Strike Selected Affirmative Defenses (Doc. # 150.)

This Court's Order stated in pertinent part:

**F.   ADOPTION BY REFERENCE AND PRESERVATION OF RIGHT TO ADD DEFENSES**

> Plaintiffs claim this statement of defenses is a legal nullity. (Doc. # 149, Pls.' Mot. Summ. J. at 17-18.) Defendants do not respond to Plaintiffs [*sic*] arguments.
>
> The Court recognizes the deadline to amend pleadings has passed. (Doc. # 59, Scheduling Order at 14.) The Court, therefore, strikes this defense. Doc. # 186 at 7 (boldface in original.)

That ruling was not appealed and is now the law of the case.

### Defendant Clark's Defenses that She Adopted by Reference

The Answer to Amended Complaint and Jury Demand of Defendants Dr. David Van Pelt and Dr. Brooks Long (Doc. # 111) included these two Affirmative Defenses:

> 14. These Defendants reserve the right to assert the applicable substantive and procedural provisions of the Colorado Uniform Contribution Among Tortfeasors Act, C.R.S. §13-50.5-102, *et seq.*
>
> 15. Plaintiff's alleged damages are the sole and proximate result of an injury sustained or a condition existing prior to the incident complained of in Plaintiff's Amended Complaint. (Doc. # 111 at 3.)

The Answer, Affirmative Defenses, and Jury Demand of Defendant Sallie B. Clark, M.D. to Plaintiffs' January 29, 2010 Amended Complaint (Doc. # 109) did not raise either of those Affirmative Defenses. Neither did the original Answer, Affirmative Defenses, and Jury Demand of Defendant Sallie B. Clark, M.D. (Doc. # 53). Nonetheless, the Final Pretrial Order states in pertinent part:

> Dr. Clark asserted the same affirmative defenses as those set forth in subparagraph (a) and (b) above for Drs. Long, Van Pelt and McLaughlin plus the affirmative defense of consent. (Doc. # 190 at 6.)

That statement contradicts this Court's Order striking defenses that were adopted by reference. Defendant Clark never asserted either the Affirmative Defense of the Uniform Contribution Among Joint Tortfeasors Act or the Affirmative Defense of a prior existing condition. Her attempt to assert them *nunc pro tunc* by reference after the deadline to amend pleadings is legally insufficient.

### Conclusion

For the foregoing reasons, Plaintiffs move the Court to hear from all parties and thereafter to enter its Order striking from the Final Pretrial Order both of Defendant

6

Clark's challenged Affirmative Defenses as being legally insufficient and in derogation of this Court's previous Order striking any and all Affirmative Defenses that were adopted by reference.

                Respectfully submitted,

                */s/ John D. Rawls*
                John D. Rawls
                John D. Rawls, Attorney, P.C.
                921 S. 10th Street
                P.O. Box 2495
                Laramie, WY 82073-2495
                Tel: (775) 530-1899
                Fax: (307) 460-7009
                Email: attyrawls@yahoo.com

CERTIFICATE OF SERVICE

      I hereby certify that on March 30, 2011, I electronically filed a true and correct copy of the above and foregoing Brief in Support of Plaintiffs' Motion to Strike Affirmative Defenses Raised by Reference with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Douglas C. Wolanske | Stephen J. Hensen |
| Faraci Wolanske LLC | Amy E. Cook-Olson |
| 1512 Larimer Street, Suite 1050 | Murphy Decker Hensen & Cook-Olson, P.C. |
| Denver, CO 80202 | 1510 West Canal Court, Suite 1500 |
| dwolanske@fw-llc.com | Littleton, CO 80120 |
| athompson@fw-llc.com | shensen@murphy-deckerpc.com |
| jscott@fw-llc.com | acookolson@murphy-deckerpc.com |
| | kcreasey@murphy-deckerpc.com |

      /s/ *John D. Rawls*
      E-mail: *attyrawls@yahoo.com*