IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00704–CMA–KMT

LAUREN P. ANDERSON, and
WILLIAM W. ANDERSON, III,

      Plaintiffs,

v.

DAVID C. VAN PELT, M.D.,
BROOKS W. LONG, M.D., and
SALLIE B. CLARK, M.D.,

      Defendants.

---

# ORDER

---

This matter is before the court on "Plaintiffs' Motion to Strike Affirmative Defenses Raised By Reference" and Brief in Support (Doc. No. 206 [Mot.]; Doc. No. 207 [Br. in Supp.], filed 3/30/2011), Defendant Clark's Response (Doc. No. 209 [Resp.], filed 4/19/2011), and Plaintiffs' Reply (Doc. No. 210 [Reply], filed 4/25/2011). The motion is ripe for review and ruling.

On August 4, 2010, Plaintiffs filed a motion for partial summary judgment on selected affirmative defenses (Doc. No. 148) and a motion to strike selected affirmative defenses (Doc. No. 150). On December 7, 2010, District Judge Christine M. Arguello entered an order denying the motion for partial summary judgment and granting in part Plaintiffs' motion to strike

affirmative defenses. (Doc. No. 186.) Relevant here, she struck from the Defendants' Answers the adoption by reference of additional defenses and the preservation of the right to include additional defenses. (*Id.* at 7.)

On December 8, 2010, this court held a final pretrial conference. The audio recording from the hearing reflects that the parties worked with the court to conform the proposed pretrial order to Judge Arguello's ruling issued the previous day. To this end, language appearing in the claims and defenses of Defendants Van Pelt, Long and McLaughlin, "reserving the right to assert" the provisions of the Colorado Uniform Contribution Among Tortfeasors Act was removed from the proposed pretrial order and does not appear in the Final Pretrial Order.[1] Plaintiffs now contend that, due to an oversight, "Defendant Clark's adoption of affirmative defenses by reference slipped through the cracks." (Reply at 2.)

Plaintiffs move to strike any affirmative defenses that were adopted by reference, including, the defense of contribution under the Uniform Contribution Among Joint Tortfeasors Act, and the defense of prior existing condition, both of which were asserted by Defendants Van Pelt and Long in their Answers, but were not specifically asserted by Defendant Clark in her Answer. (Br. in Supp. at 3-4.) Plaintiffs bring their motion pursuant to Fed. R. Civ. P. 12(f) and argue that these two defenses are legally insufficient and, regardless, the court has already stricken any affirmative defenses raised by reference. (*Id.* at 2, 4.)

---

[1] Rather, these items were rewritten to reflect that Defendants Van Pelt, Long and McLaughlin, in fact assert the applicable provisions of the Colorado Uniform Contribution Among Tortfeasors Act. (*See* Doc. No. 190 at 4, 5.)

In response, Defendant Clark does not dispute that she did not specifically list these two defenses in her Answer as affirmative defenses. She argues that neither of them are true affirmative defenses. (Resp. at 2.) She also argues that Plaintiffs have not met the stringent requirements to strike an affirmative defense. (*Id.* at 5-6.)

Fed. R. Civ. P. 12(f) provides that a court, on its own or on motion, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). If on motion, the motion must be made "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2).

In her Answer to Plaintiffs' Amended Complaint, under the heading, "Affirmative Defenses," Defendant Clark states:

> 7. Any affirmative defenses listed in the Pre-Trial Order.
> . . .
>
> Dr. Clark incorporates by reference all affirmative defenses raised by other defendants to this matter. Dr. Clark reserves the right to add or delete affirmative defenses as discovery proceeds in this case.

(Doc. No. 109 at 3, 4.)

In seeking partial summary judgment on certain affirmative defenses, Plaintiffs note this language in Defendant Clark's Answer and cite *Gregory v. Metropolitan Life Insurance Company*, 648 F. Supp. 2d 591 (D. Vt. 2009). In *Gregory*, both defendants argued on motions for summary judgment that the plaintiff's suit was barred by the statute of limitations. The plaintiff argued that neither defendant had raised the statute of limitations as an affirmative

defense in its answer and therefore the defense was waived. *Id.* at 602. The court noted that one defendant had stated in its answer "that it was reserving the right 'to raise other or further defenses' at trial;" however, the court rejected this approach stating that "this type of general reservation of defenses fails to comply with Fed. R. Civ. P. 15 and has been recognized as a legal nullity having no force or effect." *Id.*

Judge Arguello's order states:

> **F.  ADOPTION BY REFERENCE AND PRESERVATION OF RIGHT TO ADD DEFENSES**
> Plaintiffs claim this statement of defenses is a legal nullity. Defendants do not respond to Plaintiffs' arguments.
> The Court recognizes the deadline to amend the pleadings has passed.
> The Court, therefore, strikes this defense.

(Doc. No. 186 at 7 (citations omitted).)

Judge Arguello thus struck from Defendants' Answers any defense adopted by reference and any purported preservation of the right to add defenses. Because Defendant Clark did not specifically assert contribution under the Colorado Uniform Contribution Among Tortfeasors Act, or the defense of a preexisting injury, once the language "incorporat[ing] by reference all affirmative defenses raised by other defendants to this matter" and "reserv[ing] the right to add or delete affirmative defenses as discovery proceeds in this case" is removed from her Answer, she is left without having asserted the two defenses at issue. Defendant Clark did not seek leave to amend her Answer subsequent to Judge Arguello's order.

The section of the Final Pretrial Order describing Defendant Clark's claims and defenses includes the statement, "Defendant Clark asserted the same affirmative defenses as those set

forth in subparagraph (a) and (b) above for Drs. Long, Van Pelt and McLaughlin plus the affirmative defense of consent." (Doc. No. 190 at 6.) Given Judge Arguello's order, this is not an accurate statement.

Because Judge Arguello struck the adoption by reference and preservation of right to add defenses, Defendant Clark's statement in the Final Pretrial Order must be stricken. However, the court recognizes that Defendant Clark did assert numerous defenses in her Answer, which do not appear in the Final Pretrial Order, presumably because they were many of the same defenses asserted by Defendants Long, Van Pelt, and McLaughlin. Accordingly, Defendant Clark should be allowed to amend the portion of the Final Pretrial Order addressing her claims and defenses so that the Final Pretrial Order will accurately reflect the defenses she asserts which have not been stricken or otherwise dismissed.

To the extent Plaintiffs seek to strike affirmative defenses under Rule 12(f), the court finds the legal theory in support of the motion inapplicable. Fed. R. Civ. P. 12(f) addresses the striking of an insufficient defense from *a pleading*. Given Judge Arguello's order, the defenses of contribution under the Uniform Contribution Among Tortfeasors Act and pre-existing condition do not appear in Defendant Clark's Answer and Defendant Clark has not moved to amend her Answer.

Therefore it is,

ORDERED that "Plaintiffs' Motion to Strike Affirmative Defenses Raised By Reference" (Doc. No. 206) is GRANTED IN PART. To the extent that the Final Pretrial Order indicates that Defendant Clark asserts the same affirmative defenses as those set forth by

Defendants Long, Van Pelt and McLaughlin, this statement is stricken from the Final Pretrial Order.[2]  The motion is denied in all other respects.  It is further

ORDERED that, no later than June 8, 2011, the parties shall confer and submit a proposed Amended Final Pretrial Order in which Defendant Clark specifically states her claims and defenses which have not been stricken or otherwise dismissed without incorporating by reference the claims or defenses of other defendants.

Dated this 1st day of June, 2011.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge

---

[2] The court does not strike Defendant Clark's assertion of the affirmative defense of consent.

6