**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-00704-CMA-KMT

LAUREN P. ANDERSON, and
WILLIAM W. ANDERSON, III,

      Plaintiffs,

v.

DAVID C. VAN PELT, M.D.,
BROOKS W. LONG, M.D., and
SALLIE B. CLARK, M.D.,

      Defendants.

---

**ORDER EXCLUDING ARGUMENT ON DAMAGES CAP AND FINDING MOOT
PLAINTIFFS' ARGUMENT ON COLORADO'S MORTALITY TABLES**

---

      This matter is before the Court on "Plaintiffs' Trial Brief on Colorado Medical Malpractice Damages," "Plaintiffs' Trial Brief on Mortality Tables," and "Defendants' Joint Response to Plaintiffs' Trial Brief on Mortality Tables" (Doc. # 255).

      Under Colorado law, medical malpractice damages

> shall not exceed one million dollars, present value per patient, . . . of which not more than two hundred fifty thousand dollars, present value per patient, . . . shall be attributable to direct or derivative noneconomic loss or injury; except that, if, upon good cause shown, the court determines that the present value of past and future economic damages would exceed such limitation and that the application of such limitation would be unfair, the court may award in excess of the limitation the present value of additional past and future economic damages only.

Colo. Rev. Stat. § 13-64-302(1)(b).[1]  Also, Colorado law mandates the use of the life expectancy tables contained in Colorado Revised Statutes section 13-25-103 "when it is necessary to establish the expectancy of continued life of any person from any period of such person's life."  Colo. Rev. Stat. § 13-25-102.

Plaintiffs address both of these statutory provisions.  In the brief on medical malpractice damages, Plaintiffs argue that, "if upon good cause shown[,] the Court finds that application of the economic cap would be unfair, the Court may award the present value of additional past and future economic damages."  In the brief on mortality tables, Plaintiffs assert that "one factor in Plaintiffs' showing of good cause" under section 13-64-302(1)(b) will be that "Colorado's mortality table statute is both biased against women and obsolete."

However, Defendants assert, and the Court agrees, that there is "no reason for any evidence related to 'good cause' to exceed the damage caps."  (Doc. # 255 at 2.) The Amended Final Pretrial Order in this case states that Plaintiffs "allege cap damages, meaning three hundred thousand dollars ($300,000.00) in noneconomic damages and seven hundred thousand dollars ($700,000.00) in economic damages, for a total all inclusive claim of one million dollars ($1,000,000)."  (Doc. # 217 at 3.) It further states: "Hereafter, the Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and

---

[1] The limitation of two hundred fifty thousand dollars for noneconomic loss or injury was increased in 2003 to three hundred thousand dollars.  Colo. Rev. Stat. § 13-64-302(1)(c).

approval by the Court or by Order of the Court to prevent manifest injustice." (Doc. # 217 at 18.)

Plaintiffs have not moved the Court to amend the Final Pretrial Order. Moreover, such an order "shall be modified only to prevent manifest injustice." *Moss v. Feldmeyer*, 979 F.2d 1454, 1459 (10th Cir. 1992); *see* Fed. R. Civ. P. 16(e). Even if Plaintiffs had sought to amend the Order, the Court finds they have failed to demonstrate that "manifest injustice" will occur if they are precluded from attempting to show good cause for the Court to exceed the limitation on economic damages.

Accordingly, because Plaintiffs are bound to the damages as alleged in the Amended Pretrial Order, the Court will not consider a request to exceed the limitation on economic damages. Therefore, Plaintiffs' argument as to the life expectancy tables is moot. It is

FURTHER ORDERED that, to preserve properly the record in this case, Plaintiffs shall file on CM/ECF, within seven business days of this Order, a copy of "Plaintiffs' Trial Brief on Colorado Medical Malpractice Damages" and "Plaintiffs' Trial Brief on Mortality Tables."

DATED:  February __07__, 2012

BY THE COURT:

_Christine M Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge