**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-00704-CMA-KMT

LAUREN P. ANDERSON, and
WILLIAM W. ANDERSON, III,

    Plaintiffs,

v.

DAVID C. VAN PELT, M.D.,
BROOKS W. LONG, M.D., and
SALLIE B. CLARK, M.D.,

    Defendants.

---

## ORDER GRANTING PLAINTIFFS' MOTION TO AMEND THE AMENDED FINAL PRETRIAL ORDER AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO VACATE OR RECONSIDER

---

This matter is before the Court on two Motions recently filed by Plaintiffs: (1) "Motion to Amend Final Pretrial Order" (Doc. # 262); and (2) "Motion to Vacate Order Excluding Argument on Damages Cap and Finding Moot Plaintiffs' Argument on Colorado's Mortality Tables (Doc. # 257) or, in the Alternative, Motion for Reconsideration of Court's Treatment of Defendants' Brief in Response as a Motion to Strike" (Doc. # 260).[1]  For the reasons discussed below, the Court grants the former Motion, grants in part and denies in part the latter one, and vacates the Court's February 7, 2012 Order (Doc. # 257).

---

1 Defendants filed a joint response to both motions on February 13, 2012 (Doc. # 265), and Plaintiffs replied on February 14, 2012 (Docs. ## 266, 267).

## I. BACKGROUND

The Court's February 7, 2012 Order addressed "Plaintiffs' Trial Brief on Colorado Medical Malpractice Damages" and "Plaintiffs' Trial Brief on Mortality Tables."[2] (Doc. # 257.) The Court stated that it would "not consider [Plaintiffs'] request to exceed the limitation on economic damages" because Plaintiffs were bound to cap damages as alleged in the Amended Final Pretrial Order (Doc. # 217), which they had not moved the Court to amend, and had not demonstrated that manifest injustice would occur if they were "precluded from attempting to show good cause for the Court to exceed the limitation on economic damages." (Doc. # 257.) For that reason, the Court found moot Plaintiffs' argument as to Colorado's life expectancy tables. (*Id.*)

## II. SUBSEQUENT MOTIONS

### A.   MOTION TO AMEND FINAL PRETRIAL ORDER

The Amended Final Pretrial Order states, in pertinent part, "[Plaintiff Lauren Anderson] and her husband allege cap damages, meaning three hundred thousand dollars ($300,000.00) in noneconomic damages and seven hundred thousand dollars ($700,000.00) in economic damages, for a total all inclusive claim of one million dollars ($1,000,000.00)." (Doc. # 217 at 2-3.) Plaintiffs seek to have the Court change the period to a comma in the above-quoted excerpt and then add: "subject to the right to show good cause for exceeding the statutory limitation on economic damages." (Doc. # 262 at 1.) Their principle contention is that precluding amendment of the Amended

---

2 Plaintiffs initially submitted these documents by email and later filed them at Doc. ## 258 and 259, respectively.

Final Pretrial Order would be manifestly unjust because Defendants have long known "the full economic damages that Plaintiffs intend to prove at trial." (Doc. # 263 at 5.) The Court agrees and finds that Plaintiffs have further demonstrated manifest injustice under *Moss v. Feldmeyer*, 979 F.2d 1454, 1459 (10th Cir. 1992).

As an initial matter, the Court rejects Defendants' rather disingenuous argument as to the applicability of *Moss* and the criteria it lays out for determining manifest injustice. Defendants state that they "disagree that these criteria guide this Court's decision . . . ." (Doc. # 265 at 3.) However, just two month ago, in responding to Plaintiffs' Second Motion *in Limine*, Dr. Clark asserted that "the Court should consider" the four *Moss* factors in deciding whether to permit the deposition testimony of a witness that Defendants had not listed in the Amended Final Pretrial Order. (Doc. # 239 at 2-3.) Moreover, these factors are routinely considered at the trial-court level when deciding whether to allow a party to amend a final pretrial order. *See Sender v. Mann*, 225 F.R.D. 645, 656 (D. Colo. 2004); *Canales v. Principi*, 220 F.R.D. 627, 628 (D. Colo. 2004); *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 356 (D. Colo. 2001); *In re Porter McLeod, Inc.*, 196 F.R.D. 389, 391 (D. Colo. 2000). Accordingly, the Court considers Plaintiffs' request in light of the *Moss* factors. As already indicated, each of them weighs in Plaintiffs' favor.

First, Plaintiffs assert, and Defendants do not dispute, that Plaintiffs timely provided Defendants with Dr. Wolfson's initial expert report on December 30, 2009, and that the report shows actual economic damages well in excess of the statutory

limitation. (Doc. # 263.) Instead, Defendants assert that they relied on the damages allegation in the Amended Final Pretrial Order and, thus, had no prior knowledge of Plaintiffs' claim for damages beyond the statutory cap. (Doc. # 265 at 4.) While true in a very technical sense, Defendants' assertion fails to acknowledge that they have been on notice since late 2009 that Plaintiffs' damages calculation was in excess of the statutory cap. Accordingly, the Court finds that Defendants' assertions of prejudice and surprise are unwarranted.

Second, even if some prejudice were to flow to Defendants because of the Court's ruling on this Motion, the Court agrees with Plaintiffs' assertion that Defendants have the ability to address such prejudice by impeaching Dr. Wolfson at trial. Defendants argue that they "cannot now endorse an expert to address these excessive damages." (Doc. # 265 at 4.) But the sequence of events in this case undermines Defendants' position. As previously mentioned, Defendants received Dr. Wolfson's report on December 30, 2009. They then had three months – until March 31, 2010 – to endorse their own experts. Their failure to do so cannot now be attributed to Plaintiffs' allegations of cap damages in the Final Pretrial Order, which was not issued until December 8, 2010. (*See* Doc. # 190.) Defendants' reasons for not endorsing an expert to address the damages shown in Dr. Wolfson's report are necessarily unrelated to any later allegations of damages made by Plaintiffs. Accordingly, their current ability to refute Dr. Wolfson's testimony is the same as it has been since March 31, 2010.

Third, Plaintiffs assert, and Defendants do not deny, that amending Plaintiffs' damages claim in the Amended Final Pretrial Order will only impact the trial "after the jury is discharged, and then only if the jury awards Plaintiffs economic damages in excess of the statutory limitation . . . ." (Doc. # 263 at 6-7.) Rather, Defendants argue that Dr. Wolfson's opinions on Colorado's mortality tables "will result in additional, unnecessary testimony and waste of time." (Doc. # 265 at 5.) While it is true that the amendment Plaintiffs seek is intended to leave the door open to the introduction of evidence on Colorado's mortality tables, such evidence is not directly implicated by Plaintiffs' current Motion. Thus, allowing the proposed amendment to the Amended Final Pretrial Order will only affect the case, if at all, after the jury is discharged. As such, granting Plaintiffs' Motion will not significantly disrupt the orderly and efficient trial of the case.

Fourth, although Plaintiffs have not explained why the Amended Final Pretrial Order failed to allege damages in excess of the statutory cap, Defendants do not contend, nor do the facts demonstrate, that Plaintiffs have acted in bad faith. Further, and as already indicated, the Court rejects Defendants' argument that there is "no basis" for Plaintiffs' assertion as to damages in excess of the statutory cap. Plaintiffs assert, and Defendants do not deny, that such basis is found in Dr. Wolfson's report.

Accordingly, Plaintiffs have demonstrated manifest injustice under the four-factor test in *Moss*. Thus, the Amended Final Pretrial Order will be further amended, as requested by Plaintiffs.

**B.   MOTION TO VACATE OR RECONSIDER**

The Court's analysis in the February 7, 2012 Order hinged on the Plaintiffs' allegations of cap damages in the Amended Final Pretrial Order. Amending the latter Order strips the former of its underlying basis. Therefore, the Court agrees with Plaintiffs that the February 7, 2012 Order should be vacated. Accordingly, if the jury awards Plaintiffs economic damages in excess of the statutory cap, then the Court will address the damages cap issue.

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiffs' "Motion to Amend Final Pretrial Order" (Doc. # 262) is GRANTED. Accordingly, it is

FURTHER ORDERED that the Amended Final Pretrial Order (Doc. # 217) SHALL BE AMENDED as follows: the last sentence on page 2 (which carries over onto page 3), beginning with "She and her husband allege cap damages," will be amended to read, "She and her husband allege cap damages, meaning three hundred thousand dollars ($300,000.00) in noneconomic damages and seven hundred thousand dollars ($700,000.00) in economic damages, for a total all inclusive claim of one million dollars ($1,000,000.00), subject to the right to show good cause for exceeding the statutory limitation on economic damages." It is

FURTHER ORDERED that Plaintiff's "Motion to Vacate Order Excluding Argument on Damages Cap and Finding Moot Plaintiffs' Argument on Colorado's Mortality Tables (Doc. # 257) or, in the Alternative, Motion for Reconsideration of Court's Treatment of Defendants' Brief in Response as a Motion to Strike" (Doc. # 260) is GRANTED IN PART to the extent that Plaintiffs ask for the February 7, 2012 Order to be vacated and DENIED IN PART to the extent that Plaintiffs seek reconsideration therein.  Accordingly, it is

FURTHER ORDERED that the Court's February 7, 2012 "Order Excluding Argument on Damages Cap and Finding Moot Plaintiffs' Argument on Colorado's Mortality Tables" (Doc. # 257) is VACATED.

DATED:  February __16__, 2012

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge