**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-00704-CMA-KMT

LAUREN P. ANDERSON, and
WILLIAM W. ANDERSON, III,

    Plaintiffs,

v.

DAVID C. VAN PELT, M.D.,
BROOKS W. LONG, M.D., and
SALLIE B. CLARK, M.D.,

    Defendants.

---

**ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL**

---

This matter is before the Court on Plaintiffs' "Motion for New Trial." (Doc. # 311.) For the reasons discussed below, Plaintiffs' motion is denied.

## I. BACKGROUND

After a two-week trial, the jury in this case returned a unanimous verdict against Plaintiffs and in favor of Defendants. Although the jury found that Plaintiff Lauren Anderson had damages, and that Plaintiff Bill Anderson had experienced "loss of his rights of consortium or . . . loss of household services due to the claimed injuries of his wife," the jury further found that none of the Defendants were negligent in their treatment of Lauren Anderson. (Doc. # 298.) Each of the ten jurors was individually polled and affirmed that the verdict read was the verdict for which he or she voted.

(Doc. # 295.)  Final Judgment was entered on March 19, 2012 (Doc. # 299), and on April 10, 2012, an Amended Final Judgment was entered so as to award Defendants their costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1 (Doc. # 306).

At some point after the jury rendered its verdict, a juror sent Plaintiff Lauren Anderson a handwritten note that reads verbatim, and in pertinent part, as follows:

> Dear Mrs. Anderson,
> I was one of the jury in your trial. All through out that time I wanted to speak to you to pray for you. God wants you well to perform a creative miricle in your life to restore your small bowel and end the pain, to make you whole. I couldn't talk to you or pray with you in person but I did pray at home, coming and going and during the trial. One day I pictured standing before you, laying my hand on You and speaking healing into your body in the name of Jesus when I finished that prayer I knew in my heart the work was done. God has this healing for you I don't know if it has manifested and become real to you but your healing is there waiting for You.
> If you haven't experience healing in your body cry out to Jesus that the healing will manifest in you.. Jesus did not just come into the world to save us from hell but to make us whole. He cares for you now and want to show you his powerful love for you now
>> "and He Himself (Jesus) bore our sins in His body on the cross that we might die to sin and live to Righteousness; for <u>by His wounds you were healed</u>"
>>                                              1 peter 2:24
> I Love You because Jesus does be healed an glorify him

(Doc. # 311-1.)  Based on this note, Plaintiffs moved the Court, on April 19, 2012, for a new trial pursuant to Fed. R. Civ. P. 59(a)(1)(A) or, "in the alternative, to relieve them from the Final Judgment and Amended Final Judgment . . . pursuant to Fed. R. Civ. P. 60(b)(2)."  (Doc. # 311 at 1.)

## II. DISCUSSION

**A.   RULE 59**

Under Fed. R. Civ. P. 59(a)(1)(A), the Court may, "on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Such motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). Courts "must not extend the time to act" under Rule 59(b). Fed. R. Civ. P. 6(b)(2). When, as here, a court amends a judgment merely to include an award of costs, the time for filing a new trial motion under Rule 59 is not extended or tolled. *See Collard v. United States*, 10 F.3d 718, 719 (10th Cir. 1993). Instead, consistent with the rules previously cited, in such a situation, the parties have 28 days from entry of the original final judgment to file a motion for a new trial under Rule 59. *Id.*; *see also United States S.E.C. v. Maxxon, Inc.*, 465 F.3d 1174, 1183 (10th Cir. 2006) (affirming district court's ruling that it lacked jurisdiction to consider an untimely Rule 59 motion for a new trial).

In the instant case, the Court agrees with Defendants that Plaintiffs' Rule 59 motion is time-barred. (Doc. # 319 at 2.) Because Final Judgment was entered on March 19, 2012, Plaintiffs had 28 days – that is up to and including April 16, 2012 – to file a Rule 59 motion for a new trial. The deadline for filing such a motion was not extended or tolled by entry of the Amended Final Judgment. *See Collard*, 10 F.3d at 719. Accordingly, the instant motion, which Plaintiffs waited to file until April 19, 2012, is untimely.

**B.     RULE 60**

Pursuant to Fed. R. Civ. P. 60(b)(2), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  To obtain relief under this rule, a party must show that:

> (1) the evidence was newly discovered since trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result.

*Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (quotation marks, brackets, and citation omitted).  "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."  *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990).  The instant case does not present such circumstances.

To begin with, Defendants have shown that Plaintiffs were in possession of the juror's note by, at the latest, the morning of April 16, 2012 (the last day on which they could have moved for relief under Rule 59) but that, nonetheless, they did not file the instant motion until April 19, 2012.  (*See* Doc. # 319-1.)  Interestingly, Plaintiffs do not divulge when they received the note but, instead, simply assert that "[t]here is no way that Plaintiffs could have responsibly prepared and filed their Motion and Brief in Support in a single day on these peculiar and previously unheard-of facts."  (Doc. # 321

at 4.) But Plaintiffs' motion consists of only one page of text (half of which is an almost verbatim recitation of the contents of the juror's note), no case citations, and no analysis; likewise, their brief in support of the motion consists of just three pages of text, three case citations, and very little analysis. (Doc. ## 311 & 312.) Accordingly, the Court rejects Plaintiffs' argument and finds that, given the brevity of the filings (*i.e.*, only four total pages of text) and the minimal research and analysis involved, Plaintiffs indeed could have prepared and submitted their filings by the end of the day on April 16, 2012, which would have been timely for purposes of Rule 59. By failing to do so, Plaintiffs are precluded from obtaining relief under Rule 60(b)(2).

However, even if Plaintiffs' motion was proper under Rule 60(b)(2), the Court agrees with Defendants that the juror's note is not material evidence that would constitute grounds for relieving Plaintiffs from the Final Judgment and Amended Final Judgment. (Doc. # 319 at 5.) Plaintiffs assert that the juror's note indicates that the juror "disregarded [the] undisputed evidence" that showed "Lauren Anderson ha[d] lost most of her small bowel" (Doc. # 312 at 5), and that the juror considered "all of Plaintiffs' testimony on damages [to have been] false" (*id.* at 6). But the jury's unanimous verdict, which unequivocally stated that "the plaintiff, Lauren Anderson, ha[d] damages," squarely refutes Plaintiffs' assertions. (Doc. # 298.)

Moreover, the reasoning underlying Plaintiffs' argument is flawed. Plaintiffs assert that the juror's note indicates the juror's alleged belief that "[a]nything physically wrong with Mrs. Anderson is her own fault for not accepting Jesus." (Doc. # 312.) Such

5

an interpretation of the note is by no means self-evident and, in fact, is in tension with, if not contradicted by, what the note actually says. As opposed to indicating a belief that Lauren Anderson caused her own damages, the note suggests, at most, that her future healing and recovery could be affected through prayer or religious conviction. For example, the note states: "God wants you well"; God wants to "restore your small bowel," "end the pain," and "make you whole"; "God has this healing for you"; "your healing is there waiting for you"; "cry out to Jesus that the healing will manifest in you"; and "be healed." (Doc. # 311-1.) Such statements do not, contrary to Plaintiffs' apparent argument, demonstrate that the juror declined to find Defendants liable on the belief that Lauren Anderson's damages occurred because she does "not accept[] Jesus." (*See* Doc. # 312 at 6.) Nor do they demonstrate that the juror "is delusional." (*Id.* at 5.) Rather, they merely suggest a means of coping with, and finding hope in, an extremely uncomfortable and difficult situation – for which Defendants were not liable. As such, the note is not material to an issue tried in the case and, quite evidently, surpasses the liability and damages determination that the jury validly made. All that Plaintiffs' pontification on the meaning of the juror's note proves is that, as they say, no good deed goes unpunished.[1]

---

[1] Based on the Court's resolution of the motion, as discussed above, the Court need not reach Defendants' additional arguments that Plaintiffs have failed to establish that they are entitled to a new trial based on the juror's allegedly false responses to *voir dire* questions and that, in any event, the Court may not consider the juror's note under Fed. R. Evid. 606(b)(1). (Doc. # 319 at 6–14.)

## III. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' "Motion for New Trial" (Doc. # 311) is DENIED.

DATED:  November   13  , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge